## HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, Petitioner,

v.

### Leonard C. KAHN, Respondent.

No. A–9002.

Supreme Court of Texas.

July 18, 1962.

Rehearing Denied Oct. 3, 1962.

Clawson, Jennings & Clawson and R. Philip Schulze, Houston, for petitioner.

Leonard C. Kahn and Gizella E. Salomon, Houston, for respondent.

STEAKLEY, Justice.

The only problem of the case is the proper construction of the medical coverage clause of a policy of insurance issued by Petitioner covering Respondent and members of his family. The coverage is for medical expenses resulting from bodily injury "caused by accident * * * through being struck by an automobile."

The facts were stipulated. The son of Respondent while riding a bicycle ran into the rear of an unoccupied and legally parked automobile on a public street in Houston, and sustained bodily injuries. Respondent recovered judgment against Petitioner in the sum of $2,232.00 for medical expenses. This was affirmed by the Court of Civil Appeals. 355 S.W.2d 221.

The Court of Civil Appeals was persuaded by the cases of Hale v. Allstate Insurance Co., 162 Tex. 65, 344 S.W.2d 430; Carson v. Nationwide Mutual Insurance Co., Ohio Com.Pl., 169 N.E.2d 506; and Davil-

la v. Liberty Life Insurance Co., 114 Cal. App. 308, 299 P. 831. The problem in the Hale and Carson cases, as relevant here, was whether the insured had been struck by an automobile in a collision between a vehicle in which the insured was riding and another moving vehicle, the latter not coming into actual physical contact with the person of the insured but with the vehicle in which he was riding. It was held that the coverage of the policies would be given their ordinary meaning as contemplating that one is "struck" by an automobile in such a situation. The obvious difference here is that the automobile with which the son of Respondent collided was parked and cannot very well be regarded as a moving or striking force.

The opinion of the California District Court of Appeals in the Davilla case states that "the policy merely requires that the insured be struck without specifying what shall strike," and from this the court reasoned that the accidental injury policy there under review covered a fact situation where the insured, who was endeavoring to stop and avoid a collision, was thrown from his motorcycle and against the automobile which had stopped for some reason after being driven into the street ahead of him.

Apart from the differences between the policy language "being struck" and "being struck by an automobile," and between the types of policies involved (covering accidental injuries in the Davilla case and indemnifying against medical expenses resulting from certain risks, as here) ordinary usage can very well be said to hold that one is struck by an automobile in a situation where the automobile is stationary at the moment of impact, as in Davilla; whereas, such is not true in the case of a parked and passive vehicle, the movement and propulsion of which is not a factor in the collision.

We are unable to say, as Respondent urges in his quotation from the opinion of the Tennessee Supreme Court in American Casualty Co. of Reading, Pa. v. Cutshall,

205 Tenn. 234, 326 S.W.2d 443, that "It is logical to conclude that what the parties had in mind was insurance against *injuries inflicted by a blow in which an automobile participates.*" The language of the insurance policy under review requires, as we view the matter, that the automobile causing the injury must have been a causative force in the collision before it can be said to have struck the insured.

The judgments of the courts below are reversed, and judgment is here rendered for Petitioner.