Clifford JAMES, Appellant,

v.

VERNON CALHOUN PACKING COM-
PANY, Appellee.

No. 653.

Court of Civil Appeals of Texas,
Tyler.

Oct. 19, 1972.

Rehearing Denied Nov. 9, 1972.

John B. McDonald, A. D. Henderson,
Palestine, for appellant.

B. R. Reeves, Palestine, Ramey, Brels-
ford, Flock, Hutchins & Carroll, Jack W.
Flock, Mike A. Hatchell, Tyler, for appel-
lee.

DUNAGAN, Chief Justice.

This is an appeal from an order dismiss-
ing plaintiff-appellant's cause of action en-
tered in the Third Judicial District Court
of Anderson County, Texas. The order of
dismissal was predicated upon the trial
court's action in sustaining certain special
exceptions filed by the appellee herein di-
rected against appellant's pleadings.

Appellant by his sole point of error as-
serts that, because he had alleged a cause
of action against the appellee, the court
should not have sustained defendant-appel-
lee's special exceptions to the appellant's
pleadings.

Appellant's third amended original peti-
tion alleges that he was employed by the
appellee on May 29, 1962, when he was in-
jured in the course and scope of his em-
ployment, at which time appellee had in
full force and effect a workmen's compen-
sation insurance policy. Appellant further
alleges that the appellee induced him into
foregoing his right to file a workmen's
compensation claim with the Industrial Ac-
cident Board by virtue of certain acts com-
mitted by appellee, as alleged in his third
amended original petition. One of the al-

leged acts constitutes an agreement with appellee to furnish appellant with employment of such a nature as he would be capable of performing after the injury so long as appellant lived or so desired such employment.

The other acts of appellee, as alleged and set forth in the appellant's pleadings, are fraud in the inducement of appellant to forego his workmen's compensation claim upon the promise of lifetime employment and the civil conspiracy between appellee and its workmen's compensation carrier to fraudulently induce appellant to waive his compensation claim in favor of the alleged promise of employment.

Appellant also alleges in his pleadings that, pursuant to the alleged representations and agreement made, the appellee continued appellant in the promised position of employment from January 1, 1963 to July, 1969. Appellant sought judgment in the trial court for the sum of $156,000.00 as damages for breach of the alleged agreement.

The special exceptions leveled by appellee to appellant's pleadings were:

1. As to the "contract" theory—that the alleged contract was void and unenforceable by virtue of Sec. 14, Article 8306, Vernon's Tex.Civ.St.

2. As to the fraud and conspiracy allegations—(a) that no cause of action was stated by such allegations and (b) that the damages alleged to have resulted from the fraud and conspiracy did not conform to the proper measure of damages and that the allegations thereof were vague, indefinite, speculative and did not constitute fair notice.

All of appellee's special exceptions were sustained by the trial court. The order sustaining appellant's special exceptions permitted appellant to amend on or before March 8, 1972. Appellant did not amend his pleadings. The subsequent failure and refusal of appellant to amend his pleadings so as to meet the objection of the exceptions resulted in an order dismissing the cause, from which order this appeal is presented.

Appellee by his Counterpoint No. 1 contends that the court below "correctly sustained Appellee's special exceptions to Appellant's cause of action for breach of a contract for lifetime employment, because the consideration alleged for said contract was a waiver of Appellant's claim for compensation which constituted the contract illegal, void, and unenforceable by virtue of Sec. 14, Article 8306, Texas Revised Civil Statutes, 1925."

The facts in Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675 (1938) are markedly similar to those in the case at bar. There, Woolsey alleged (as appellant alleges here), that he sustained an on-the-job injury compensable under the workmen's compensation act, but that he abandoned his right to file a claim for said injury upon consideration of his employer's promise of lifetime employment at his current salary. Woolsey further alleged, as appellant James does, that the parties performed under the alleged "contract" for several years at which time the plaintiff's employment was terminated without cause. In reviewing the trial court's order sustaining a general demurrer to Woolsey's petition, our Supreme Court held that the contract for lifetime employment was, in fact, a settlement of a workmen's compensation claim, that it violated Sec. 14, Article 8306, V.T.C.S.,[1] and, for that reason, it was illegal, void, and unenforceable.

The Supreme Court in the course of its opinion in the Woolsey case held:

" * * * The Legislature did not leave the employee unaided in making a settlement with his employer and insurer, but provided that he should have the ad-

---

1. Sec. 14. "No agreement by any employé to waive his rights to compensation under this law shall be valid."

vice and assistance of the Industrial Accident Board. It was declared in the law that, before a settlement could be made final, it had to receive the sanction of the board. To further protect the employee in his rights, it was provided that under the law he could not waive same. In this instance plaintiff knew that his employer carried compensation insurance at the time he made the contract. He was presumed to know the law that had been enacted for his benefit, and to know that it required the approval of the Industrial Accident Board to any contract of settlement he might desire to make. It is regrettable that he waived his rights under the law. However, it is the duty of courts to construe laws as enacted, and to carry out the intention of the Legislature as expressed in such laws.

"It may be true that by refusing to enforce this contract injury may result to plaintiff. However, refusing to enforce the agreement of settlement involved here will be far less disastrous to the great army of employees operating under this statute than to hold that under the law an employee and an employer can contract away the rights of the employee. In line with the universally accepted rule, this court has repeatedly refused to enforce contracts which are either expressly or impliedly prohibited by statutes or by public policy. * * *"

█ In our opinion, the facts in the Woolsey case are so nearly identical to those in the present case that the holding there, of necessity, controls the validity of the contract cause of action asserted by appellant here.

█ In effect, the appellant concedes in his brief that his attempted claim upon a contract for lifetime employment is in conflict with the decision by the Supreme Court in the Woolsey case. We find ourself in the same position as the trial court in that it is our constitutional duty to follow the law as announced by the Supreme Court where the identical question has been decided. Meska v. City of Dallas, 429 S.W.2d 223 (Tex.Civ.App., Dallas, 1968, writ ref.) and 15 Tex.Jur.2d p. 597, sec. 137.

█ Appellee contends that even though the trial court correctly sustained appellee's special exception to appellant's allegation of damages, which is pertinent to his fraud and conspiracy counts, since the trial court's action is not challenged, the question as to whether he pleaded a cause of action for fraud or conspiracy is not reached, because the trial court's dismissal of those two causes of action will stand upon the order sustaining that single exception and that appellant's argument contending that a cause of action for fraud and conspiracy was stated, though erroneous, was immaterial. We agree.

Appellee by its special exceptions leveled two attacks upon appellant's causes of action for fraud and conspiracy—one upon the causes of action themselves and another upon the damages alleged to have resulted therefrom and both were sustained by the trial court.

In view of the fact that the trial court's action in this respect is not raised by point of error or argued by appellant in his brief, the judgment can stand upon that independent ground as it is not challenged by the appealing party. Under this condition of the record, the reviewing court had no choice but to affirm the judgment of the trial court. Rule 434, Texas Rules, Civil Procedure, and City of Deer Park v. State, ex rel. Shell Oil Co., 154 Tex. 174, 275 S. W.2d 77, 84 (1955).

Trial judges are granted broad discretion in hearing, construing, and sustaining special exceptions to pleadings and a trial court's ruling thereon will not be disturbed " * * * in the absence of a showing of abuse of discretion or injury * * *." Southern Underwriters v. Hodges, 141 S. W.2d 707, 712 (Tex.Civ.App., Waco, 1940, writ ref.) and Cruz v. Ansul Chemical Co.,

399 S.W.2d 944, 949 (Tex.Civ.App., Corpus Christi, 1966, writ ref., n. r. e.). In view of the fact (1) that the contract alleged by appellant is unenforceable as a matter of law, and (2) that he has failed to challenge the trial court's action sustaining the special exceptions to the damage allegations in connection with the causes of action for fraud and conspiracy, we believe that the trial court did not abuse his discretion by sustaining any one or all of appellee's special exceptions. Therefore, the trial court did not err in dismissing appellant's suit in its entirety. Overstreet v. Donnell, 75 S. W.2d 937, 938 (Tex.Civ.App., Eastland, 1934, writ dism.) and Rutledge v. Valley Evening Monitor, 289 S.W.2d 952, 953 (Tex.Civ.App., San Antonio, 1956, n. w. h.).

For the reasons above stated the trial court's judgment is affirmed.