**The ST. PAUL INSURANCE COMPANY,**
**Appellant,**

v.

**Clifford A. GALLUP, Appellee.**

**No. 738.**

Court of Civil Appeals of Texas,
Tyler.

March 7, 1974.

Rehearing Denied March 21, 1974.

Ramey, Flock, Hutchins, Grainger & Jeffus, William V. Jeffus, Mike Hatchell, Tyler, for appellant.

Paxton, Whitaker & Parsons, Melvin D. Whitaker, Palestine, for appellee.

DUNAGAN, Justice.

This is an appeal by St. Paul Insurance Company, defendant below, from an adverse judgment against it in the trial court.

Clifford A. Gallup, appellee and plaintiff in court below, brought this suit upon a standard family automobile insurance policy issued to him by appellant, seeking to recover sums he expended for medical expenses incurred by his son, Keith Gallup, in the aftermath of a collision between the latter's motorcycle and automobile occupied by Judy Langston in the City of Palestine, Texas, on May 16, 1972. At the outset we point out that this is not a negligence case.

Trial was to the court without a jury, and resulted in judgment for appellee in the amount of $5,000.00 plus 12% penalty, attorney's fees in the amount of $2,000.00 and costs of suit.

Appellant in its first three points of error contends that the trial court erred because the evidence establishes, as a matter of law, that Keith Gallup was not "struck by an automobile." The appellant also contends that the term "struck by an automobile" within the meaning of a medical payment coverage of a standard car insurance policy means that the automobile must be a "causative force" or a "contributing factor" in the collision and that because the Langston car was stopped and had taken no previous action which caused or contributed to the collision, the appellant could not be liable under Coverage "C" of the insurance contract.

The appellee in his first three counterpoints argues the opposite of appellant's contentions. He argues that only when a car is *parked and passive* can the term "struck by an automobile" be used to negate the insurance company's liability.

Appellant's points of error four and five are "sufficiency of the evidence, so as to be against the great weight and preponderance" points on the implied findings of being "struck by an automobile."

Briefly the pertinent facts, which are either undisputed or stipulated are:

1. The policy of insurance sued upon is a Texas standard family automobile insurance policy with the usual, administratively promulgated coverage.

The appellee's claim was made under "Coverage C—Medical Payments" which promised:

"To pay all reasonable expenses incurred within one year from the date of the accident for necessary, surgical, X-ray and dental and services including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

" * * * To or for the named insured and each relative who sustains bodily injury, . . . caused by accident, . . . (C) through being struck by an automobile or by a trailer or any type; * * * "

There is no dispute that appellee's policy was in full force and effect at all material times and it was so stipulated by the parties.

As the pleadings and stipulations make clear, the central question on appeal is whether or not Keith Gallup was "struck by an automobile" within the meaning of "Coverage C" of the medical policy quoted above. We believe he was not.

2. Sometime around noon on May 16, 1972, Keith Gallup mounted his "100 cc Honda" motorbike and left the grounds of Palestine High School, which he attended, proceeding toward his grandparents' home, where it was his custom to eat lunch.

The route followed by Keith took him south down Crockett Road, also known as Highway No. 287.

Keith had retrograde amnesia concerning the events of the accident itself. Though Keith could remember nothing of the accident "other than leaving the school grounds," it appears that, during the

course of his travel south on Highway No. 287, he drove his motorbike into the rear of an automobile, occupied by Mrs. Judy Langston, which was fully stopped in the south bound lane of said highway preparatory to making a lawful left hand turn. She was waiting for traffic to clear from the opposite direction and had her left turn lights on for the purpose of turning left.

At the point of collision, Highway 287 is four-laned, two lanes for north bound traffic and two lanes for south bound traffic. The Langston automobile was in the proper lane to make a left turn (i. e., the inside lane next to the center stripe). There is no evidence that, prior to stopping her automobile for the turn, Mrs. Langston did or failed to do anything in the operation of her automobile which made the automobile a cause or a contributing factor to the accident in any degree. Her automobile was simply a passive obstacle with which the insured collided for unexplained reasons.

Even though it has been established in Texas that actual physical contact is not a prerequisite to a holding that an insured has been "struck by" an automobile, Hale v. Allstate Insurance Co., 162 Tex. 65, 344 S.W.2d 430 (1961), it has also been held by the Texas Supreme Court that the vehicle causing the injury must be a causative force in the collision as opposed to being parked and passive, before it can be said to have struck the insured person. Houston Fire & Casualty Insurance Co. v. Kahn, 359 S.W.2d 892 (Tex.Sup.1962). In the Kahn case the Supreme Court was called on to give the proper construction of the medical coverage clause of an insurance policy which provided for medical expenses resulting from bodily injury "caused by accident . . . through being struck by an automobile."

In this State the equivocal nature of the rule that actual physical contact is not a prerequisite to a holding that an insured has been "struck by" an automobile appears to arise from the requirement that the offending vehicle must be in motion or must be a causative force. Our Supreme Court, while not rejecting the rule that physical contact is unnecessary, distinguished situations involving parked and passive vehicles, the movement and propulsion of which was not a factor in the collision from those situations involving collisions with automobiles which had stopped for some reason or other and were merely stationary at the moment of impact. Houston Fire & Casualty Insurance Co. v. Kahn, supra; 33 A.L.R.3d 966, 969. Nevertheless, the Supreme Court in the Kahn case held that an insured may be determined "struck" by an automobile for the purposes of medical payment coverage even though no physical contact occurs, *so long as the offending automobile is a "causative force" in the collision*. Therefore, the medical coverage clause of the policy under review, requires that the automobile causing the injury must have been a causative force in the collision before it can be said to have struck the insured. Houston Fire & Casualty Insurance Co. v. Kahn, supra, and 33 A.L.R.3rd 966, 969.

■ Therefore, under the rule of law enunciated in the Kahn case, the medical coverage clause of the policy under review requires that the automobile causing the injury must have been a "causative force" in the collision before it can be said to have struck the insured. The causation does not result when the car was parked and passive, as in the Kahn case, or as in our present situation where the automobile is in a stationary position temporarily and passive.

■ It is shown by the undisputed evidence in this case that the Langston automobile was not in motion at the time of the impact; it did not strike the insured but was struck by him instead; and no movement or action by the Langston automobile was a contributing factor to the collision. Rather, as was the situation in the Kahn case, the Langston automobile was lawfully positioned, completely passive and the movement and propulsion was not a

factor in the collision. The Kahn case, in our opinion, is controlling.

■ As this court stated in James v. Vernon Calhoun Packing Company, 486 S. W.2d 396 (1972) and affirmed Tex., 498 S.W.2d 160, it is the constitutional duty of the court of civil appeals to follow the law as announced by the Supreme Court where the identical question has been decided.

In view of our disposition of this case on appellant's first three points of error, we do not reach nor discuss its points four and five relating to the insufficiency of the evidence to support the trial court's implied finding that Keith Gallup was "struck by an automobile" within the meaning of Coverage "C" of the medical policy. However, if these points should be reached, we would hold that the evidence is insufficient to support such finding.

In view of the legal principles enunciated in the Kahn case on the identical question before this court, we are compelled to the conclusion that the accident in question was not within the provision of "Coverage C" and the judgment of the trial court must be reversed.

Accordingly the judgment of the trial court is reversed and rendered for the appellant.

MOORE, Justice (dissenting).

I dissent. In addition to the facts stated in the majority opinion, I think the following undisputed testimony of appellee, Clifford A. Gallup, is significant, to-wit:

"Q. Now, would you tell the Court what the lay of the land is at that point? Is it flat or hilly or just how is it?

"A. At the point of collision, it's slightly downhill, as it goes on out the highway. Just before you get to that place, there is a rise in the road and he would have been going uphill and over the crest of the hill, as he came upon the automobile.

"Q. All right. And from the crest of the hill to this place where the debris was, about how far was that, Mr. Gallup?

"A. I would think somewhere in the neighborhood of 150 to 200 feet."

I have no quarrel with the decision by the Supreme Court in Houston Fire & Casualty Co. v. Kahn, supra. The case simply stands for the proposition that where the automobile "struck" by the assured is parked and passive, the assured, in order to recover, must prove that the parked and passive automobile was "a causative force" of the occurrence. *Kahn* does not say, as the majority seems to imply, that the assured must prove that the "struck" automobile was "a causative force" in every situation where the assured sues on the policy. As I understand it, the decision is limited only to situations where the "struck" automobile is parked and passive. Since the "struck" automobile in the present case was not "parked and passive," the rule announced in *Kahn* would not be controlling. But, even if *Kahn* could be construed as authority for the proposition that the insured must show that the "struck" automobile was "a causative force" in each and every type of accident made the basis of the cause of action, I think the undisputed facts in this case show that the Langston vehicle was "a causative force" in bringing about the collision in question. The majority seems to hold that the movement of the automobile struck by the assured must have been "the cause" or "a proximate cause" of the collision. As I construe *Kahn*, it merely holds that the evidence must show that the other automobile was "a" cause of the collision. The term "causative force" has no generally accepted legal definition. Therefore, it must be given its usual or ordinary meaning. The word "causative" is derivative of the word "cause." The word "cause" is defined by Webster's Third New International Dictionary as "a person, thing, fact or condition that brings about an effect or that produces or calls forth a resultant ac-

tion or state * * * Syn. * * * CAUSE indicates a condition or circumstance that effectively and inevitably calls forth an issue, effect, or result or that materially aids in that calling forth."

Applying the foregoing definition of the word "cause" to the facts of this case, it seems self-evidence that the Langston automobile helped to create a circumstance or a condition which resulted in injury to the assured. To say that a deliberate stopping of an automobile in the center of a highway would not amount to "a" cause of a collision with a vehicle approaching from the rear, would be to ignore common sense and reason. It is not necessary under the holding in *Kahn* that the claimant show that the "struck" automobile was the sole cause or a proximate cause of the injury. All that is necessary is that it be shown that the other automobile helped to create a circumstance or a condition which was "a" cause of the injury. When Judy Langston propelled her automobile into the lane of travel occupied by Keith Gallup and deliberately brought it to a complete stop at a point 150–200 feet from the crest of a hill, her movement created a circumstance or condition which, I think, was "a causative force" of the collision. Thus, even though the proof of "a causative force" was required, under the facts here, I think there is at least some evidence of probative force to sustain the trial court's implied finding that the movement of the Langston automobile was "a causative force" of the collision.

In addition to the foregoing, I cannot agree with the holding that the judgment entered by the trial court is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. Since the record consists only of stipulations of facts and other undisputed testimony, there is no conflicting evidence for us to weigh and balance. Consequently, a law question only is presented.

If the majority opinion is to become the law, it will mean that a substantial part of

the coverage in policies of this type will be wiped out. The policy holder will never be able to recover for medical and hospital benefits in any of those accidents where, through some misfortune he happens to strike another vehicle which has been deliberately stopped on the main traveled portion of a street or highway. If such is to become the law, I think the Board of Insurance Commissioners of this State should immediately take steps to reduce the premiums paid for this type of coverage and amend the standard form policy in such a manner that the policy holder will understand that this type of coverage is not to be construed as "no fault" insurance.

As I view the record, the rule announced in *Kahn* is not controlling in the situation presented here. But, even if it is, I would hold that the evidence raises the issue of "a causative force" and would affirm the judgment rendered by the trial court.