Clifford A. GALLUP

v.

The ST. PAUL INSURANCE COMPANY.

No. B–4568.

Supreme Court of Texas.

July 25, 1974.

Paxton, Whitaker & Parsons, Melvin D. Whitaker, Palestine, for petitioner.

Ramey, Flock, Hutchins, Grainger & Jeffus, William V. Jeffus and Mike A. Hatchell, Tyler, for respondent.

POPE, Justice.

The legal question presented by this case concerns the meaning of the phrase "through being struck by an automobile" as used in the medical payments provisions of a standard automobile policy issued to Clifford A. Gallup. Keith Gallup, the son of Clifford A. Gallup, left school at noon on May 16, 1972, driving a Honda motorbike. He was going in a southerly direction along Highway 287 in Palestine, destined for his grandparents' home where he was going to eat lunch. Mrs. Judy Langston was driving a car in front of Keith's motorbike and was also headed south on the same highway. She had fully and properly stopped her car at an intersection preparatory to making a left turn. She did not stop suddenly. Her car was stationary and she was signaling for a left turn. While Mrs. Langston was waiting for the traffic to clear, Keith drove his motorbike into the rear of her car. Keith's father instituted this action for the recovery of damages for Keith's sizeable medical expenses resulting from the collision. The trial court ruled that Keith was struck by Mrs. Langston's standing automobile and could recover, but the court of civil appeals, with a divided court, reversed the judgment of the trial court and rendered judgment that plaintiff take nothing. 506 S.W.2d 757.

The policy held by Clifford Gallup obligated St. Paul Insurance Company to pay

all reasonable expenses for necessary medical and other specified services which are incurred within one year from the date of the accident. Payment would be for necessary medical and other specified services, "caused by accident, (a) while occupying the owned automobile, (b) while occupying a non-owned automobile, . . . or (c) through being struck by an automobile."[1] The words of the medical payment provision are not unique to Texas insurance policies, and it appears that they have been rather carefully selected. *See* Annot., 33 A.L.R.3d 962 (1970); 13 G. Couch, Cyclopedia of Insurance Law § 48:76.1 (Supp. 1973).

The court of civil appeals ruled that Houston Fire & Casualty Insurance Co. v. Kahn, 359 S.W.2d 892 (Tex.1962), controls this case. We agree. In *Kahn*, the same medical coverage clause was in suit and the plaintiff had driven his bicycle into the rear of an unoccupied and legally parked automobile. We there rejected the plaintiff's contention that the policy meant that one could recover upon proof that injuries were inflicted by a blow in which an automobile in whatever fashion "participates" or was involved. The differences between this case and that one are that here Mrs. Langston occupied her lawfully stationary car in the stream of traffic, whereas in *Kahn*, the car was unoccupied and lawfully parked at the curb.

In construing a contract, the thing of first importance is the language of the contract itself. The essential language in this contract is its coverage requirement that an insured sustain bodily injury caused by accident, "through being struck by an automobile . . . ." The language tells us that the insured, Keith Gallup, is covered when an automobile, in this case Mrs. Langston's, strikes him. On the basis of what the contract says, Keith must show that he was struck and "by an automobile." Whether a verb is active or passive determines, in ordinary language and meaning, whether the insured is the actor or is acted upon. Grammatically, it cannot be doubted in this case that it is Mrs. Langston's car which must be the actor and that Keith Gallup is the one who must receive that action. He is the one who must satisfy the language of the policy of "being struck" and "by an automobile." This is what the sentence says.

Petitioner asks us to select a definition of the word "strike" and to use that definition in place of and instead of the words "being struck." "Struck" is the past participle of "strike," and when we start the selection of a different word or phrase for the one used by the Board of Insurance in the standard policy, we then enjoy the privilege of choosing from eighty-six meanings which are listed in The Random House Dictionary of the English Language at page 1407 (Unabridged Ed. 1967). The power to construe the contract in such a manner is also an invitation to change the policy. In *Kahn*, we rejected the suggestion that we define "being struck" as "to come in collision with." "Collide" ignores the statuses of actor and receiver of the action, elements which are very much present in the policy phrase before us.

In *Kahn*, however, we amplified the meaning of the phrase "being struck by an automobile" by defining it to mean that an

1. "COVERAGE C—MEDICAL PAYMENTS. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Divison 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, (a) while occupying the owned automobile, (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or (c) through being struck by an automobile or by a trailer of any type;"

automobile must be a "causative force." Even that term is of little help in understanding the words of the policy. In fact, the use of such new terms to define the words of a policy shifts the study from the words of the policy to the words used to explain or define the policy provision. In time we move away from and beyond the wording of the policy.

■ The phrase under investigation uses words of ordinary meaning. They are words which have a popular and usual meaning to the general public and that is the meaning we should attribute to them. United States Ins. Co. v. Boyer, 153 Tex. 415, 269 S.W.2d 340 (1954); Glens Falls Ins. Co. v. McCown, 149 Tex. 587, 236 S. W.2d 108 (1951).

We conclude that Keith Gallup was not struck by the Langston automobile, which was standing still when Keith ran into it. The judgment of the court of civil appeals is affirmed.

Dissenting opinion by REAVLEY, J., in which DANIEL and SAM D. JOHNSON, JJ., join.

REAVLEY, Justice (dissenting).

The majority's narrow construction of the words "being struck by" is not compelled by our opinion in Kahn, where the collision was with a parked automobile. To the contrary, in Kahn (359 S.W.2d 892) we specifically considered a California case, Davilla v. Liberty Life Ins. Co., 114 Cal.App. 308, 299 P. 831 (1931), in which recovery was allowed under facts almost identical to those in the present case. In Davilla, the insured, while endeavoring to stop his motorcycle to avoid a collision with an automobile which was stopped in the street ahead of him, was thrown into and against the automobile. We distinguished Kahn from Davilla, saying in part:

". . . ordinary usage can very well be said to hold that one is struck by an automobile in a situation where the automobile is stationary at the moment of impact, as in Davilla; whereas, such is not true in the case of a parked and passive vehicle, the movement and propulsion of which is not a factor in the collision."

In the present case, Mrs. Langston's car was not parked and passive. It was being driven by her in the street at the foot of a hill ahead of Gallup's motorcycle; her car was temporarily stopped at an intersection preparatory to making a left turn; the accident and the striking would not have occurred except for the fact that Mrs. Langston's car was being driven, and momentarily stopped, at the street intersection.

The majority now holds, contrary to its language in Kahn, that "ordinary usage," and the "popular and usual meaning [of words] to the general public," requires its narrow and restrictive construction. I doubt that such ordinary usage and understanding of the general public is so restricted, especially that segment of the general public which pays insurance premiums for medical payments resulting "within one year from the date of accident . . ." for bodily injury "caused by accident" under one of the three listed circumstances. (Emphasis supplied.)

Construing all of the words of coverage together, I interpret "being struck by" as meaning the same as "being in collision or accident with." The strict construction by the majority makes this coverage depend upon the happenstance of the relative positions and vectors of the colliding vehicles. If the non-occupied automobile is stationary, or is far enough into the intersection to be struck instead of do the striking, or is going away at the time of the collision —there is no coverage. This does not seem to be a reasonable effect to give to the terms of the insurance contract. It is a rule that will not wear well, and warrants consideration by the State Board of

Insurance, since it is responsible for the words of the policy which have been allowed by the majority to restrict its coverage.

DANIEL and SAM D. JOHNSON, JJ., join in this dissent.