**Barnaby DE LA CRUZ, Appellant,**

v.

**COMBINED AMERICAN INSURANCE COMPANY, Appellee.**

**No. 8596.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 15, 1975.

Rehearing Denied Oct. 14, 1975.

John L. Lesly, Amarillo, for appellant.

Elliott, Churchill, Hansen, Dyess & Maxfield, Mike D. Gibbs, Dallas, for appellee.

REYNOLDS, Justice.

Sixteen-month-old Yolanda De La Cruz suffocated when dirt thrown by children got in her nose and mouth. She was insured against accidental death solely caused by injuries occurring from the accidents enumerated in the insurance policy, which listed death "by drowning," but did not mention suffocation. When the insurance company denied liability, her father-beneficiary brought this suit, contending that Yolanda died as a result of drowning. The sole question is whether the death occurred "by drowning" within the meaning of the insurance coverage. From the stipulated facts, the trial court summarily determined, and correctly so, that Yolanda's death was not the result of drowning. Affirmed.

The father-beneficiary argues that, within the meaning of the insurance coverage, Yolanda died as the result of drowning as that word is defined in Dorland's Illustrated Medical Dictionary (25th Ed.) to be "suffocation and death resulting from filling of the lungs with water or other substances or fluid so that gas exchange becomes impossible." We do not agree. It is at once apparent that the definition is inapplicable to the stipulated facts because there is no evidence that Yolanda's lungs were filled with water, fluid or other substances.

■ Moreover, unless the words used in, and to describe the coverage afforded under, an insurance policy are used in a technical sense, the meanings attributed to them are the ordinary lay meanings to the general public. *Gallup v. St. Paul Insurance Company*, 515 S.W.2d 249 (Tex.1974). The word "drowning" is used in its ordinary sense in the insurance policy. Although to persons skilled in the niceties of the language "drowning" may mean suffocation in water or liquid, Webster's New International Dictionary (2nd Ed.), the general public uniformly understands and uses the word "drowning" as meaning to deprive of life by immersion in water or other liquid. Webster's, supra; *Gragg v. State*, 148 Tex.Cr.R. 267, 186 S.W.2d 243 (1945); *Duncan v. State*, 278 Ala. 145, 176 So.2d 840 (1965). The word "suffocate" is likewise understood and used as meaning to kill by stopping or preventing respiration, Webster's, supra; *Thomas v. Seaside Memorial Hospital of Long Beach*, 80 Cal.App.2d 841, 183 P.2d 288 (1947), particularly where breathing becomes impossible because the mouth and nose are covered. *Langley v. Durham Life Insurance Company of Raleigh, N.C.*, 261 N.C. 459, 135 S.E.2d 38 (1964).

■ The words "drowning" and "suffocate" are not defined nor understood by the general public to have the same essential meaning. Accordingly, we hold that death by suffocation from dirt in the nose and mouth is not death by drowning as that term is generally used in a policy of accident insurance.

The summary judgment of the trial court is affirmed.