Richard E. LUDT, Petitioner,

v.

George McCOLLUM, Respondent.

No. C–7754.

Supreme Court of Texas.

Oct. 26, 1988.

John D. Malone, Clark, Malone, Knapp & Raybold, Waco, for petitioner.

Aubrey R. Williams, Pakis, Cherry, Beard & Giotes, Inc., Waco, for respondent.

PER CURIAM.

This is a DTPA action brought by Richard Ludt alleging that the builder of his home, George McCollum, failed to disclose that the home had foundation problems.

The main issue is whether Ludt is entitled to recover for both costs to repair and the permanent reduction in the market value of his home. At trial, the jury found McCollum failed to disclose the foundation problems, and in Issue #22 found that the following amounts would compensate Ludt:

(a) Reasonable and necessary costs of repair to the home .................... $10,500.

(b) Permanent reduction in the market value at the present time of the home because of foundation problems ................ $15,000.

The trial court rendered judgment in favor of plaintiff, Richard Ludt, and awarded $10,500 actual damages based on the amount required to repair his home. The trial court disregarded the jury's findings in Issue #22(b) on the ground that an award for both costs to repair and permanent reduction in market value would represent a double recovery.

The court of appeals, in an unpublished opinion, held that the jury's answer to Issue #22(b) referred to the permanent reduction in market value *before* repairs, saying "to allow plaintiff to recover the cost to repair and to recover the difference in value between the house as it is from its value if it were fully repaired would constitute double recovery." The court further held that Ludt was entitled to the greater of the two alternative measures of damages and thus awarded Ludt $15,000 representing the reduction in market value of his home.

In Texas, courts have held that an aggrieved consumer may be able to plead, prove and obtain favorable jury findings establishing both costs to repair and permanent reduction in market value notwithstanding such repairs, as cumulative rather than mutually exclusive measures of damage. *Brighton Homes, Inc. v. McAdams,* 737 S.W.2d 340 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). *Terminix International, Inc. v. Lucci,* 670 S.W.2d 657 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). In *Terminix,* the court determined that an award of diminished value is recoverable in addition to the costs of repair, assuming that the permanent reduction in value refers to that reduction occurring even after repairs are made. *Id.* at 661.

In the present case, Ludt chose not to submit an issue as to permanent reduction in market value subsequent to the accomplishment of repairs. The issue that was submitted merely stated, "permanent reduction in the market value at the present time of the home because of foundation problems." At the time of trial, the repairs had not been made.

We hold that plaintiff failed to submit and obtain a jury finding sufficient to establish the permanent reduction in market value after repairs. We affirm the court of appeals decision, but observe that it would have been possible for Ludt to recover both measures of damages if he had requested issues that would have made it clear that he was asking for the amount of reduction in value after the repairs were made. Both applications for writ of error are denied.