**STATE of Texas et al., Appellants,**

v.

**Sam D. MILLSAP, Appellee.**

**No. 8486.**

Court of Civil Appeals of Texas, Beaumont.

Aug. 14, 1980.

---

Barbara C. Marquardt, Asst. Atty. Gen., Austin, for appellants.

Sam D. Millsap, Jr., San Antonio, for appellee.

KEITH, Justice.

Defendants below appeal from an adverse declaratory judgment rendered after a bench trial wherein plaintiff sought and procured a determination that he was eligible to serve as a member of the State Commission for the Blind.

Plaintiff was appointed to the Commission in 1976, and his appointment was duly confirmed by the Senate of Texas. During 1979, his eligibility to serve upon the Commission was challenged and he sought a declaration construing the applicable statute under the provisions of the Declaratory Judgments Act. *Tex.Rev.Civ.Stat.Ann. art. 2524–1 (1965)*. At the time of the filing of the suit and at the entry of the judgment, the applicable statute was *Art. 3207b (Supp. 1979–80)*, the operative portion of which is quoted in the margin.[1] This statute now appears as *Sec. 91.011(b), Tex.Human Resources Code (1979 Pamp.)*, as set out in the margin.[2]

Plaintiff is blind and many years ago was an employee of the Commission for the Blind. However, for the past quarter of a century, he has been operating full service cafeterias in San Antonio through a wholly owned corporation. Plaintiff's cafeterias are all located upon premises owned by private corporations and he pays rent for the space he uses. He does not hire blind persons as employees in such cafeterias. There is usually a gift shop operated in connection with each cafeteria.

The defendants now attack the judgment with a single point of error contending that the plain language of the statute and its legislative history and public policy "all militate against appellee's eligibility." We cannot agree with the contention advanced and affirm the judgment of the trial court.

In essence, the contention is that the Commission, through its Business Enterprises Program ("BEP"), provides vocational rehabilitation to the visually handicapped by training a few of its eligible participants in the procurement and operation of vending facilities. BEP does this by securing locations, usually rent free, for its participants. It then provides the necessary equipment, which it maintains, and even provides the initial inventory of merchandise for sale in the facility.

Counsel points to the fact that in San Antonio, where all of plaintiff's operations are located, BEP assists in the management of eighteen to twenty operations of which four or five are cafeterias which are similar, although smaller than those operated by plaintiff. Plaintiff's operations are broader in scope, i. e., serving a more varied menu and employing on the average four times the persons to serve as compared to the BEP–assisted facilities.

The facts are not in dispute. As plaintiff argues, BEP operates training programs and even sets up a few of the handicapped eligible individuals in business selling food

---

1. *Art. 3207b*: "No paid employee of any agency carrying on work for the blind shall be eligible for appointment, nor shall any person be eligible to be appointed to serve on the Board of the State Commission for the Blind who is engaged in, associated with, or otherwise representing a business, discipline, profession or trade conducted for the primary purpose of selling or furnishing goods or services of the type provided by the State Commission for the Blind as a significant part of the assistance which the State Commission for the Blind is authorized to extend to eligible individuals. . . ."

2. *Sec. 91.011(b)*: "A person is ineligible for appointment to the commission if the person is a paid employee of an agency carrying on work for the blind or if the person is engaged in or associated with or otherwise represents a business, discipline, profession, or trade conducted for the primary purpose of selling or furnishing goods or services of the type provided by the commission as a significant part of its assistance to eligible individuals."

after making all necessary arrangements for space, equipment, and inventory. Plaintiff simply sells prepared food in office buildings for profit. He does not train or counsel handicapped individuals nor does he assist them in any manner in going into business; indeed, in the cafeterias operated by plaintiff, the sophistication of the operation is such that plaintiff is unable to offer employment to visually handicapped persons.

The thrust of defendants' argument is that since plaintiff is "engaged in . . . a business . . . conducted for the primary purpose of selling or furnishing goods or services of the type provided by the State Commission for the Blind", he is statutorily ineligible to serve on the Commission.

The argument is too narrow in that it does not include, but omits, the qualifying language found in the statute. This ineligibility extends to those engaged in the particular operations mentioned in the statute only when such activities constitute "a significant part of the assistance which the State Commission for the Blind is authorized to extend to eligible individuals."

A concrete illustration of the issue before us is posed by plaintiff pointing to an optician engaged in the selling of eyeglasses to improve the vision of the general public. The Commission buys eyeglasses and makes them available to eligible individuals. Thus, the optician would encounter the prohibition because the Commission purchases the eyeglasses as a significant part of the assistance it extends to eligible individuals.

■ In our disposition of the contentions advanced, we are required first to ascertain the intention of the Legislature as expressed in the entire act, and not from an isolated portion thereof. *Woods v. Littleton*, 554 S.W.2d 662, 665 (Tex.1977); *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273, 278 (1951).

■ If the statute is plain and unambiguous, there is no need to resort to rules of construction and it would be inappropriate to do so. *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974). Such an unambiguous statute should be enforced according to its words. *Central Education Agency v. Independent School District*, 152 Tex. 56, 254 S.W.2d 357, 360 (1953); *Board of Insurance Commissioners v. Guardian Life Insurance Co.*, 142 Tex. 630, 180 S.W.2d 906, 909 (1944). It is not necessary or proper to add to or subtract from the statute. *Gaddy v. First National Bank*, 115 Tex. 393, 283 S.W. 472, 474 (1926).

■ After applying the recognized rules of construction, we do not find the statute to be ambiguous; consequently, we turn to the alternative arguments of the defendants.

■ It is well established that any constitutional or statutory provision which restricts the right to hold public office should be strictly construed against ineligibility. *Willis v. Potts*, 377 S.W.2d 622, 623 (Tex. 1964); *Hall v. Baum*, 452 S.W.2d 699, 702 (Tex.1970); *Whitehead v. Julian*, 476 S.W.2d 844, 845 (Tex.1972).

■ State's counsel suggests that we should look to the emergency clause in the legislative enactment in order to determine the legislative intent. As noted earlier, we are required to look to the entire act, not to isolated sections thereof. *Wood v. Littleton*, supra. Moreover, it has been held that recourse to the emergency clause is proper only when the statute is ambiguous. *Huntsville Independent School District v. McAdams*, 148 Tex. 120, 221 S.W.2d 546, 548 (1949).

State's counsel also argues that we should construe the statute so as to prohibit any person with a *potential* conflict of interest from serving upon the Commission. The Legislature has not couched the eligibility rule in terms of potential conflict; instead, it has chosen to confine ineligibility to *actual* conflict of interest. We are not authorized to add to the enactment in the guise of construction. *Gaddy v. First National Bank*, supra. We are required to give effect to the language of the statute as expressed therein. *Second Injury Fund v. Keaton*, 162 Tex. 250, 345 S.W.2d 711, 714 (1961).

Moreover, the trial court, while not making formal findings of fact and conclusions of law, has determined, *as a fact*, that plaintiff's activities are not of the same nature as those of the Commission. From our review of the record, such implied finding does not appear to be contrary to the evidence in the cause.

From our review of the entire record, we are of the opinion that the judgment of the trial court was correct; it is, therefore, AFFIRMED.

CLAYTON, J., not participating.

