

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ernie W. Tullis
Administrator
Texas Employment Commission
T.E.C. Building
Austin, Texas    78778

Opinion No. MW-578

Re:  Whether Texas Employment Commission must meet in an open meeting to consider unemployment insurance benefit cases

Dear Mr. Tullis:

You ask:

> Does the Open Meetings Law require the [Texas Employment] Commission to meet in an open meeting when the Commission is considering and voting on cases involving unemployment insurance benefits pursuant to the provisions of the Texas Unemployment Compensation Act (article 5221b-4, V.T.C.S.)?

Articles 5221b-1 et seq., V.T.C.S., create the three-member Texas Employment Commission and establish its duties. One of its duties is to act as the final administrative appellate review body in unemployment insurance benefit cases. V.T.C.S. art. 5221b-4. We understand that the commission reviews approximately 100 cases each week.

The answer to your question depends upon whether, when the commission convenes to review unemployment insurance benefit cases, it engages in a "meeting" within the meaning of the Open Meetings Act, article 6252-17, V.T.C.S., and if it does, whether the requisite authority exists for said meeting to be held behind closed doors. The Open Meetings Act provides in pertinent part:

> Section 1.  As used in this Act:
>
> (a)  'Meeting' means any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control

is discussed or considered, or at which any formal action is taken....

(b) 'Deliberation' means a verbal exchange between a quorum of members of a governmental body attempting to arrive at a decision on any public business.

(c) 'Governmental body' means any... commission....

(d) 'Quorum' unless otherwise defined by constitution, charter, rule or law applicable to such governing body, means a majority of the governing body.

Unemployment insurance benefit cases are certainly "public business." Thus, given the foregoing definitions, we conclude that: (1) the Texas Employment Commission is a "commission"; (2) two or three members of this commission constitute a "quorum"; (3) when a quorum of the commission sits as the final administrative appellate review body in an unemployment insurance benefit case and discusses the case, it engages in a "deliberation"; and (4) the gathering at which such deliberation takes place is a "meeting." Accordingly, when the commission convenes to consider and vote upon cases involving unemployment insurance benefits pursuant to article 5221b-4, V.T.C.S., it engages in a "meeting" which is subject to the requirements of the Open Meetings Act.

Section 2(a) of the Open Meetings Act provides:

Except as otherwise provided in this Act or specifically permitted in the Constitution, every regular, special, or called meeting or session of every governmental body shall be open to the public; and no closed or executive meeting or session of any governmental body for any of the purposes for which closed or executive meetings or sessions are hereinafter authorized shall be held unless the governmental body has first been convened in open meeting or session for which notice has been given as hereinafter provided and during which open meeting or session the presiding officer has publicly announced that a closed or executive meeting or session will be held and identified the section or sections under this Act authorizing the holding of such closed or executive session. (Emphasis added).

Section 4(a) of the act provides:

> Any member of a governing body who wilfully calls
> or aids in calling or organizing a special or
> called meeting or session which is closed to the
> public, or who wilfully closes or aids in closing
> a regular meeting or session to the public, or who
> wilfully participates in a regular, special, or
> called meeting or session which is closed to the
> public where a closed meeting is not permitted by
> the provisions of this Act, shall be guilty of a
> misdemeanor and on conviction is punishable by a
> fine of not less than $100 nor more than $500 or
> imprisonment in the county jail for not less than
> one month nor more than six months, or both.
> (Emphasis added).

Section 2(a) unequivocally provides that a governmental body may conduct a closed meeting only if the Open Meetings Act itself or the constitution authorizes it to do so. This section further provides that the presiding officer of a governmental body which is about to adjourn into executive session must publicly identify the specific provision which authorizes such session. Section 4(a) imposes criminal penalties upon members of governmental bodies who wilfully call, aid in calling, or participate in a closed meeting "where a closed meeting is not permitted by the provisions of this Act." (Emphasis added).

We have found no provision of the Texas Constitution or the Open Meetings Act which specifically authorizes the Texas Employment Commission to convene in closed session to hear unemployment insurance benefit cases. You have not directed our attention to any such provision. In light of the concerns which you voiced in your letters to this office, however, we assume that you are in effect asking whether implied authority to conduct closed hearings in these cases exists. In one letter, you expressed concern about the fact that:

> in some of these cases, very personal and
> confidential, and possibly embarrassing
> information is disclosed regarding claimants and
> employers, which should not be made available to
> the general public.

We are cognizant of this problem. As we have noted, however, the Open Meetings Act simply does not permit closed meetings of governmental bodies except where such meetings are specifically authorized, and no such authority exists in this instance. The law is settled that where statutory language is plain, words will not be added on the theory that they were inadvertently omitted. Gaddy v.

First National Bank of Beaumont, 283 S.W. 472 (Tex. 1926); State v. Millsap, 605 S.W.2d 366 (Tex. Civ. App. - Beaumont 1980, no writ). Thus, we lack authority to read into the Open Meetings Act an implied exception which would authorize the commission to convene in closed session to hear unemployment insurance benefit cases.  To paraphrase the old maxim that "[i]f Parliament does not mean what it says, it must say so," quoted in Brazos River Authority v. City of Graham, 354 S.W.2d 99, 109 (Tex. 1961), if the Texas Legislature did not really mean that closed meetings of governmental bodies may be held only where specifically authorized, it must say so.  In this context, we note that the Open Meetings Act does authorize medical boards and committees to meet in closed session to consider the individual medical and psychiatric records of an applicant for a disability benefit from a public retirement system.  V.T.C.S. art. 6252-17, §2(o).  This shows that the legislature has devoted attention to the matter of executive sessions to consider certain types of records and other information.

We therefore conclude that meetings which the Texas Employment Commission holds to review unemployment insurance benefit cases must be open to the public.  Unless some provision of the Open Meetings Act or the constitution specifically authorizes the commission to adjourn into executive session during such meetings, it may not do so.  The language in Attorney General Opinion H-223 (1974) and other opinions which suggests otherwise is disapproved.  See e.g., Attorney General Opinions H-1154 (1978); H-780 (1976).

In closing, we make three observations regarding your concerns about divulging information about claimants and employers which might be personal and embarrassing.  First, the scope of constitutional and common-law privacy is quite narrow.  See Open Records Decision Nos. 268 (1981); 262, 260, 258, 257 (1980).  In all likelihood, little of the information discussed in these cases would actually be protected by either right of privacy.  Second, the commission may protect privacy rights which do exist by avoiding discussion of information which is so protected.  Third, with respect to your reference to Attorney General Opinion H-626 (1975), which held that certain information in the commission's files is within subsection (e) of article 5221b-9, V.T.C.S., we note that even if we assume that that decision is correct in terms of what information is embraced by this subsection -- a question which is not at issue here -- the subsection does not absolutely preclude public disclosure of the information which it covers.  Subsection (e) states in part:

> Information thus obtained or otherwise secured shall not be published or be open to public inspection (other than to public employees in the performance of their public duties) except as the

Commission may deem necessary for the proper administration of this Act.    (Emphasis added).

Thus, the commission may, during a hearing in an unemployment insurance benefit case, discuss any of the information which is embraced by subsection (e) without violating any "right of confidentiality" afforded by that subsection.

## S U M M A R Y

The Texas Employment Commission must meet in open session to hear unemployment insurance benefit cases pursuant to article 5221b-4, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Lance Beversdorff
Jon Bible
Rick Gilpin
Jim Moellinger