

# THE ATTORNEY GENERAL
# OF TEXAS

December 31, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No. JM-614

Re: Whether Harris County may adopt a policy that prohibits supervisory personnel in the Adult Probation Department from belonging to the same union as rank-and-file employees

Dear Mr. Driscoll:

You ask the following question:

> May the board of judges over the Harris County Adult Probation Department and/or the Harris County Adult Probation Department adopt a policy which prohibits all supervisory personnel within the department from joining and/or belonging to the same union or association as the employees they supervise?

The district judge or judges trying criminal cases in a judicial district are required to establish a probation office and employ personnel necessary to carry on the work of the office. Code. Crim. Proc. art. 42.12, §10(a), (b). A necessary concomitant of a governmental body's statutory authority to employ personnel is the power to adopt reasonable employment policies calculated to achieve the governmental body's objectives. Attorney General Opinions JM-93 (1983); JM-188 (1984). Such employment policies may not, however, conflict with general state law. See generally City of Brookside Village v. Comeau, 633 S.W.2d 790, 796 (Tex. 1982) (ordinance of political subdivision cannot conflict with state law).

We think that the rule you ask about is impermissible because it conflicts with the following statutory provision:

> It is declared to be the public policy of the State of Texas that no person shall be denied public employment by reason of membership or nonmembership in a labor organization.

p. 2762

V.T.C.S. art. 5154c, §4.  That provision gives public employees the right to be members of labor unions.  Lunsford v. City of Bryan, 297 S.W.2d 115 (Tex. 1957).  But see art. 5154c, §§1, 2, and 3 (public employees may not strike or engage in collective bargaining).  In Beverly v. City of Dallas, 292 S.W.2d 172, 176 (Tex. Civ. App. - El Paso 1956, writ ref'd n.r.e.), the court held that an ordinance prohibiting city employees from belonging to a labor union conflicted with article 5154c, section 4.  Article 5154c, section 4, applies to all public employees.  It makes no exception for supervisory employees.  Nor is there any limitation or qualification in article 5154c, section 4, that would allow a rule that prohibits membership in a particular union.  Accordingly, article 5154c, §4, prohibits the board of judges in charge of a probation office from adopting a rule prohibiting supervisory employees from belonging to the same union as rank-and-file employees.

A brief submitted on behalf of the Harris County Adult Probation Department argues that such a rule would be valid for the following reasons:  (1) the United States Supreme Court has held that the National Labor Relations Act has preempted state laws that prohibit supervisors from belonging to the same union as rank-and-file employees;  (2) the Fifth Circuit has held that the First Amendment right to freedom of association does not give public employees who are supervisors the right to belong to the same union as the rank-and-file employees;  (3) article 5154c is ambiguous; and (4) management should be able to demand undivided loyalty from its agents.  We will address each of those arguments.

In Beasley v. Foodfair of North Carolina, Inc., 416 U.S. 653 (1974), the Supreme Court held that section 14(a) of the National Labor Relations Act [NLRA], 29 U.S.C. §164(a), precluded an action under state law to recover damages for the discharge of supervisory employees because of their union membership.  Enforcement of the state law, the court held, would flout the policy underlying section 14(a), which is to allow employers to treat supervisors differently from rank-and-file employees.  Beasley is inapposite to the question at hand, however, because Beasley involved private employers, who are subject to the NLRA.  State and political subdivisions thereof are not "employers" for purposes of the NLRA and are therefore exempt from the provisions of the NLRA.  29 U.S.C. §152(2); National Labor Relations Board v. Natural Gas Utility District of Hawkins County, 402 U.S. 600 (1971).  Because the NLRA specifically exempts public employers -- and therefore public employees -- from its coverage, it can hardly be argued that section 14(a) of the NLRA preempts article 5154c, which deals solely with the rights of public employees.  See City of Alcoa v. International Brotherhood of Electrical Workers Local Union 760, AFL-CIO, 308 S.W.2d 476, 478 (Tenn. 1957) (since NLRA exempts political subdivisions, doctrine of preemption cannot apply to adjudication of labor disputes involving municipal workers).

The second argument raised in the brief is that supervisors in the public sector have no constitutionally protected right to belong to the same union as the employees they supervise. We do not argue with the premise of that argument. The Fifth Circuit has held that prohibiting firefighters properly characterized as supervisors from belonging to labor organizations composed of rank and file serves a legitimate and substantial government interest in maintaining efficient and dependable firefighting services. Therefore, the First Amendment right to freedom of association does not give supervisors the right to belong to the same union as the employees they supervise. Vicksburg Firefighters Association, Local 1686 International Association of Firefighters, AFL-CIO, CLC v. City of Vicksburg, 761 F.2d 1036 (5th Cir. 1985); see also York County Fire Fighters Association, Local 2498 v. York County, 589 F.2d 775 (4th Cir. 1978). The holding in Vicksburg, however, does not lead to the conclusion that a Texas public employer must prohibit supervisors and rank-and-file employees from belonging to the same union. Vicksburg simply stands for the proposition that there is no federal constitutional impediment to the type of rule proposed by the Harris County Adult Probation Department. Vicksburg has no bearing on the issue before us, which is whether Texas law prohibits such a rule.

The third argument is that article 5154c is ambiguous. A statute is ambiguous when it is susceptible of more than one interpretation. See Standard Fire Insurance Company v. Griggs, 567 S.W.2d 60, 63 (Tex. Civ. App. - Amarillo 1978, writ ref'd n.r.e.). We find no ambiguity in article 5154c, section 4, on the question before us. The broad language cannot be read as applying to some public employees and not others. See Beverly v. City of Dallas, 292 S.W.2d 172, 176 (Tex. Civ. App. - El Paso 1956, writ ref'd n.r.e.) (article 5154c, section 4, applies to public employees and is clear and unequivocal in its terms). The department's objection to article 5154c stems from its breadth, not its ambiguity. The language is so broad that it encompasses perhaps more than the legislature intended when it enacted article 5154c. See Morris, Everything You Always Wanted to Know About Public Employee Bargaining in Texas — But Were Afraid to Ask, 13 Houston L. Rev. 291, 293 (1976). However, it is for the legislature, not this office, to make exceptions to the broad language of article 5154c. See State v. Millsap, 605 S.W.2d 366, 369 (Tex. Crim. App. 1980) (it is improper to add to or subtract from an unambiguous statute).

The fourth argument is that the proposed rule is a necessary one because management should be able to demand undivided loyalty from its agents. Congress has determined that employers should be able to demand loyalty from supervisory employees. See 29 U.S.C. §164(a); Beasley v. Foodfair of North Carolina, Inc., 416 U.S. 653 (1974). Furthermore, the federal courts have recognized the importance to employers of loyalty from supervisory employees for the purpose of

weighing the interests of employers against employees' rights to freedom of association. Vicksburg Firefighters Association, Local 1686 International Association of Firefighters, AFL-CIO, CLC v. City of Vicksburg, 761 F.2d 1036 (5th Cir. 1985); see also York County Fire Fighters Association, Local 2498 v. York County, 589 F.2d 775 (4th Cir. 1978). The argument that management should be able to demand undivided loyalty from its agents is, however, a matter for the legislature to consider.

We cannot ignore the plain language of article 5154c, section 4. Accordingly, the Harris County Adult Probation Department may not adopt a rule that prohibits supervisory employees from belonging to the same union as rank-and-file employees. Arguments about the wisdom of article 5154c, section 4, should be directed to the legislature.

## S U M M A R Y

> Article 5154c, section 4, prohibits a county adult probation department from prohibiting supervisory employees from belonging to the same union as rank-and-file employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General