

# THE ATTORNEY GENERAL
## OF TEXAS

January 29, 1987

JIM MATTOX
ATTORNEY GENERAL

Robert Bernstein, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756

Opinion No. JM-629

Re: Applicability of the 1985 Life Safety Code to nursing homes under subsection 4A(d) of article 4442c, V.T.C.S.

Dear Dr. Bernstein:

You ask whether article 4442c, V.T.C.S., authorizes the Department of Health to substitute the 1985 edition of the Code for Safety to Life from Fire in Buildings and Structures (hereinafter the Life Safety Code or code) for the 1976 edition of the code to ensure that nursing homes and custodial care homes are fire safe. We conclude that article 4442c does not authorize the department to substitute one edition of the code for another.

Article 4442c was enacted to promote and provide for the safe and adequate care of persons in convalescent and nursing homes, custodial care homes, and related institutions. V.T.C.S. art. 4442c, §1. The Department of Health is charged with the responsibility of licensing and regulating such institutions. Id. §2(d). Part of the department's duties include the enforcement of fire safety requirements in nursing homes and custodial care homes:

> (a) The Licensing Agency [the Department of Health] shall require all nursing homes and custodial care homes and major additions over One Hundred Thousand Dollars ($100,000) to existing nursing homes and custodial care homes which are approved for construction or conversion after September 1, 1979, to comply with the 1976 edition of the Code for Safety to Life from Fire in Buildings and Structures, known as the Life Safety Code (Pamphlet No. 101) of the National Fire Protection Association.

> (b) After September 1, 1979, those building sections of a licensed nursing home or custodial care home, regardless of ownership, which have complied with or without waiver, with either the

1967 or 1973 edition of the Life Safety Code of the National Fire Protection Association will be recognized as meeting licensing requirements for fire safety as long as they continue to be in substantial compliance with either the 1967 or 1973 code edition.

(c) The requirements of this section do not preclude an institution from conforming to a higher or additional fire safety standard or provision where required by federal law or regulation. Where provisions of this section conflict with federal laws or regulations adopted after September 1, 1979, then the federal requirements prevail, if required for participation in federal programs.

(d) As provided in the 1976 edition of the Life Safety Code, the Licensing Agency shall have discretionary powers to grant exceptions to the code under certain conditions or in the interest of common and uniform applicability.

(e) Fire safety requirements for institutions other than nursing homes or custodial care homes shall be as determined by the Licensing Agency.

Id. §4A. Your question is whether section 4A(d) permits the department to substitute the entire 1976 Life Safety Code with the 1985 edition of the code.

Section 4A was added to article 4442c in 1979. See Acts 1979, 66th Leg., ch. 771, §1, at 1903. That section adopts by reference fire safety standards drafted by the National Fire Protection Association. See, e.g., Dudding v. Automatic Gas Co., 193 S.W.2d 517 (Tex. 1946) (the legislature may, for the guidance of the Railroad Commission, adopt by reference certain regulations of the National Board of Fire Underwriters). The Life Safety Code is a comprehensive document, the purpose of which is to establish minimum standards consistent with the public interest that provide a reasonable degree of safety from fire in buildings and structures. National Fire Protection Assn., Pamphlet No. 101, Code for Safety to Life from Fire in Buildings and Structures §§1-2.1, 1-2.2 (1985). The code addresses life safety considerations arising from fire and similar emergencies, construction and occupancy features necessary to minimize danger to life from fire, smoke, fumes or panic, and identifies minimum design criteria to permit prompt escape of occupants from buildings. Id. §§1-3.1, 1-3.2, 1-3.3, 1-3.4. It does not address fire prevention matters that are normally a function of fire safety and building

codes. Id. §1-3.6. The code is intended to apply to both new construction and existing structures and is revised every three years. Id. at 101-viii; §1-4.1. Section 4A(d) grants the agency authority to enforce the 1976 code and the authority to grant exceptions thereto when it is clearly evident that reasonable safety will be secured.

Reviewing the bill analysis prepared for the bill which contained what is now section 4A, it is apparent that the legislature considered the efficacy of three separate editions of the Life Safety Code to ensure fire safety and concluded that compliance with any of the three editions would adequately protect the residents of the regulated institutions from the hazards of fire. See Bill Analysis to H.B. No. 1628, 66th Leg., prepared for House Committee on Health Services, filed in bill file to H.B. No. 1628, Legislative Reference Library (summary of testimony of Howard Allen, Executive Assistant, Bureau of Long Term Care, Texas Department of Health). Although no single member of the legislature can be heard to say what the meaning of a statute is, Commissioners' Court of El Paso County v. El Paso County Sheriff's Deputies Assn., 620 S.W.2d 900 (Tex. Civ. App. - El Paso 1981, writ ref'd n.r.e.), we note that the bill's sponsor testified that section 4A was intended to ensure that once a nursing home complied with the fire safety standards adopted by the section, the regulations would not be changed and modifications to the facility to meet new standards would not be required. Bill Analysis to H. B. No. 1628, 66th Leg., supra (summary of testimony of Representative Emmett Whitehead). Thus, to read section 4A(d) in the manner urged by the Department of Health would require us on the one hand to ignore those factors which provided the impetus for the enactment of section 4A and on the other to lend approval to fire safety standards which the legislature never considered. This we are not authorized to do. See State v. Millsap, 605 S.W.2d 366 (Tex. Civ. App. - Beaumont 1980, no writ) (it is improper to add or to subtract from an unambiguous statute).

Further, established rules of statutory construction compel this result. A statute must be construed in a manner which preserves its validity. State ex rel. Grimes County Taxpayers Assn. v. Texas Municipal Power Agency, 565 S.W.2d 258, 270 (Tex. Civ. App. - Houston [1st Dist.] 1978, no writ). A statute which prospectively adopts future rules or standards drafted by an unofficial association without prior review by the legislature is invalid. Dudding v. Automatic Gas Co., 193 S.W.2d at 520. Moreover, administrative agencies may not impose additional burdens, conditions or restrictions in excess of or inconsistent with statutory provisions. Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214 (Tex. Civ. App. - San Antonio 1980, no writ). Accordingly, the Department of Health may not substitute the 1985 edition of the Life Safety Code for the 1976 edition of the code pursuant to its authority to grant exceptions under article 4442c,

section 4A(d), V.T.C.S.  Such authority must come from the legislature, not this office.  See State v. Millsap, supra.

## S U M M A R Y

The Department of Health may not substitute the 1985 edition of the Life Safety Code for the 1976 edition of the code pursuant to its authority to grant exceptions under article 4442c, section 4A(d), V.T.C.S.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General