

# THE ATTORNEY GENERAL
## OF TEXAS

September 23, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation
   Commission
118 E. Riverside Drive
Austin, Texas   78704

Opinion No.  JM-955

Re:   Application   of  section
111.025 of the Human  Resources
Code, regarding certain limita-
tions on the  purchase of  ser-
vices by the Texas  Rehabilita-
tion Commission   (RQ-1299)

Dear Mr. Arrell:

On behalf of the  Texas Rehabilitation Commission,  you
ask four questions concerning  the authority of the  commis-
sioner to  make  certain  factual  determinations  and  take
action pursuant to  section 111.025 of  the Human  Resources
Code.   Section 111.025 provides  the following in  pertinent
part:

> (a)  An officer, employee, or paid consul-
> tant of an  organization that receives  funds
> from the commission in  payment for the  pro-
> vision of rehabilitation services may not  be
> a member or employee of the board, nor may  a
> person who cohabits with or is the spouse  of
> an  officer,  managerial  employee,  or  paid
> consultant of such an association be a member
> of the  board or  an  employee of  the  board
> grade 17 or over, including exempt employees,
> according  to  the  position   classification
> schedule  under  the  General  Appropriations
> Act.

You inform  us of  the commission's  view that  section
111.025 does not apply to organizations that do not fit  the
definition of "rehabilitation facility" provided in  section
7(10) of the federal Rehabilitation  Act of 1973, 29  U.S.C.
section 706(13),  or to  organizations that  do not  provide
rehabilitation services as their primary task.  You  contend
that the legislative  intent behind section  111.025 was  to
place the commission  at arm's length  with those  organiza-
tions with which  it conducts business.  You conclude  that

the section should apply only to rehabilitation facilities "created or continued" by the commission.[1]

In support of your argument, you describe two situations in which a literal application of section 111.025 will yield, in your opinion, adverse and unintended results. The first involves state colleges and universities:

> [T]he Commission purchases educational services from . . . State colleges [and universities]. The application of Section 111.025 to State universities and colleges from whom the Commission purchases educational, rather than rehabilitation, services is an example of an unintended result which would come from such an interpretation . . . . The Commission had no hand in establishing or continuing State universities and colleges, except by the very small payments of fees and tuition for disabled students, and such institutions do not have a primary purpose of rehabilitating the disabled. Therefore, Section 111.025 clearly should not be applied to such institutions.

The second situation involves a contract between the commission and the Guadalupe Economic Services Corporation (hereinafter the corporation). You advise us that the corporation is not organized primarily for the rehabilitation of the disabled. Under the contract, the corporation agrees to provide certain services designed to identify and assist disabled migrant and seasonal farmworkers in El Paso County and other handicapped persons who need assistance in obtaining competitive employment. The corporation also agrees to conduct an assessment of the feasibility of providing similar services in neighboring counties. The corporation derives less than five percent of its total revenues from the commission under this contract. The deputy director of the corporation is the spouse of a managerial employee of the

---

1. You do not explain how a rehabilitation facility is "created" or "continued" by the commission. Your office has informed us that these words simply refer to facilities or programs that receive funds from the commission for rehabilitation services, either by grant or through contract -- in other words, facilities established for the primary purpose of providing rehabilitation services.

Texas Rehabilitation Commission who serves in a salary grade above grade 17. You argue that because the corporation is not a "rehabilitation facility," section 111.025 should not apply.

On the basis of these facts, you request our opinion on the following issues:

>    1. Whether the Commissioner of the Texas Rehabilitation Commission may find as a matter of fact that certain organizations, such as State universities and colleges, and the [Guadalupe Economic Services Corporation] are not organizations from which the Commission purchases rehabilitation services and that Section 111.025 [of the Human Resources Code] therefore does not apply.

>    2. Whether the Commissioner of the Texas Rehabilitation Commission may find as a matter of fact that rehabilitation facilities created or continued by the Commission are organizations governed by Section 111.025 . . . .

>    3. Whether the Commissioner of the Texas Rehabilitation Commission, upon finding a violation of Section 111.025, may take action since Section 111.025 has neither a self-executing feature nor any penalty attached.

>    4. Assuming the Commissioner of the Texas Rehabilitation Commission may take action, what is an appropriate remedy for a violation of Section 111.025?

Insofar as these issues are predicated upon the board's interpretation of section 111.025, we should first consider whether that interpretation is correct. We will begin with a review of the history of section 111.025.

Section 111.025 was enacted in 1985 as part of the "sunset" review of the Texas Rehabilitation Commission. Acts 1985, 69th Leg., ch. 603, at 2271. It was amended in 1987 to conform to the enactment of the Government Code. Acts 1987, 70th Leg., ch. 167, § 2.19(19), at 1347. Section 111.025 is substantially the same in language and form as thirteen other enactments of the 69th Legislature. See Agric. Code § 201.0141 (State Soil and Water Conservation Board); Educ. Code § 66.62 (Board for Lease of University

Lands); Hum. Res. Code §§ 81.002 (Texas Commission for the Deaf), 91.011 (Texas Commission for the Blind), 101.0031 (Texas Board on Aging); Nat. Res. Code §§ 32.0123 (School Land Board), 34.0133 (Boards for Lease of State-owned Lands), 161.023 (Veterans' Land Board); Parks & Wild. Code § 11.0122 (Parks & Wildlife Commission); Water Code §§ 5.059 (Texas Water Commission), 6.057 (Texas Water Development Board); V.T.C.S. arts. 4477-5, § 2.023 (Texas Air Control Board), 5561c-2, § 108 (Texas Commission on Drug and Alcohol Abuse). These provisions are directed at averting potential conflicts of interest among members and employees of the boards or commissions created by each of the enumerated statutes. There are, however, other provisions that serve similar purposes. See, e.g., Hum. Res. Code § 111.013 (qualifications for appointment to board of Rehabilitation Commission); V.T.C.S. art. 6252-9b, § 1 (forbidding state officers and employees from holding any interest, financial or otherwise, that is in substantial conflict with discharge of their duties).

Though virtually identical to the other 1985 enactments in form and language, section 111.025 is broader in scope than most of the provisions cited above. Compare, e.g., Agric. Code § 201.0141(b), (c) (prohibiting from board membership or employment officers, employees, etc., of "a statewide association whose primary purpose is soil and water conservation"); Hum. Res. Code §§ 81.002(d) ("an association representing the interests of deaf or hearing-impaired persons), 91.011(b) ("an association that has as its primary interest the provision of services to, or other matters relating to, the blind"). In contrast to those provisions, section 111.025 reaches all persons associated with organizations that receive funds from the commission "in payment for the provision of rehabilitation services." To ascertain the proper meaning of section 111.025, then, we must also learn the meaning of the term "rehabilitation services."

Section 111.002 of the Human Resources Code defines "rehabilitation services":

> (5) 'Rehabilitation services' means <u>any equipment, supplies, goods, or services necessary to enable a handicapped individual to engage in a gainful occupation or to achieve maximum personal independence</u>. To enable a handicapped individual to engage in a gainful occupation or achieve maximum personal independence the commission may engage in or

contract for activities, including but not limited to:

(A) evaluation of rehabilitation potential, including diagnostic and related services incidental to the determination of eligibility for services and the nature and scope of services to be provided;

(B) counseling and guidance;

(C) physical and mental restoration services necessary to correct or substantially modify a physical or mental condition that is stable or slowly progressive;

(D) training;

(E) maintenance covering a handicapped individual's basic living expenses, including food, shelter, clothing, and other subsistence expenses necessary to support and derive the full benefit of the other rehabilitation services being provided;

(F) transportation;

(G) placement in a suitable employment;

(H) postemployment services necessary to maintain suitable employment;

(I) obtaining occupational licenses, including any license, permit, or other written authority required by a state, city, or other governmental unit to be obtained in order to enter an occupation or small business, and providing tools, equipment, initial stocks, goods, and supplies; and

(J) providing other equipment, supplies, services, or goods that can reasonably be expected to benefit a handicapped individual in terms of employment in a gainful occupation or achievement of maximum personal independence. (Emphasis added.)

The definition of rehabilitation services is broad enough to encompass virtually all goods and services available to the commission to help a handicapped individual obtain gainful employment and improve his quality of life, including the services of state colleges and universities and the Guadalupe Economic Services Corporation. In contrast, the definition of "rehabilitation facility" contained in the Rehabilitation Act of 1973 places emphasis on facilities "operated for the primary purpose of providing vocational rehabilitation services to individuals with handicaps." 29 U.S.C. § 706(13). You do not suggest that the application of the federal definition is necessary to comply with any agreement with the federal government or is required as a condition for the acceptance of federal funds, and we detect no legislative intention to incorporate the federal definition into section 111.025. We must therefore conclude that the board's narrow reading of section 111.025 is contrary to the clear language of that section and section 111.002(5).

With this understanding of section 111.025, we can now directly address the first three issues concerning the authority of the commissioner to enforce that provision. The commissioner of the Texas Rehabilitation Commission serves as the chief administrative officer of the agency. Hum. Res. Code § 111.017. He administers chapter 111 of the Human Resources Code pursuant to policies adopted by the board of the commission. Id. He is given authority to make regulations necessary to carry out the purposes of chapter 111, subject to board approval. Id. § 111.018(a). He is also authorized to take whatever action is necessary or appropriate to accomplish the objectives of the chapter. Id. § 111.023. These provisions confer broad authority upon the commissioner to administer and enforce chapter 111. We believe they carry with them the implied authority to make the factual determinations necessary to enforce section 111.025 and to take action in the event a breach of section 111.025 is discovered. See Bullock v. Calvert, 480 S.W.2d 367 (Tex. 1972). However, these broad statements of authority do not grant the commissioner unlimited latitude in managing the affairs of the commission.

The language of section 111.025 curtails the discretion of the commissioner by providing a clear standard for establishing whether or to what extent a person is ineligible for employment by or membership on the board. Officers, employees, and paid consultants of organizations that receive funds from the commission "in payment for the provision of rehabilitation services" as defined by section 111.002(5) are ineligible for board membership or

employment.  Their spouses or cohabitants are ineligible for board membership or employment at or above salary grade  17. While we recognize that there may be harsh consequences,  we must presume the legislature had a definite purpose in  mind when it chose this broad standard of eligibility for member-ship on  the board  or employment  by the  board.  Unless  a statute is ambiguous, we are  compelled to follow its  clear language.  RepublicBank Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605 (Tex. 1985).  Neither this office nor the commis-sioner may  ignore  or  alter the  standard  of  eligibility simply because  it yields  unwanted  results. See  State  v. Millsap, 605 S.W.2d 366 (Tex. Civ. App. - Beaumont 1980,  no writ) (concluding that it is improper to add or to  subtract from an unambiguous statute).

Accordingly, we conclude that  the commissioner of  the Texas Rehabilitation Commission  has the  authority to  make the factual  determinations  necessary  to  enforce  section 111.025 of the Human Resources Code, but such determinations must be  made pursuant  to the  standards provided  in  that section. The  commissioner may  not  enforce a  standard  at variance with section  111.025.  The  commissioner may  take action necessary to remedy a violation of section 111.025.

Your fourth inquiry concerns the appropriate remedy for a violation of  section 111.025.  The  Human Resources  Code places primary responsibility  for establishing  operational policies in the board of the commission, see Hum. Res.  Code § 111.017,  and  authorizes  the  commissioner  to  make regulations governing personnel standards with the  approval of the board.  Id. § 111.018(a).  We think these  provisions authorize  the  board  and  the  commissioner to  implement policies and  rules necessary  to enforce  section  111.025. Once again, though, the board  and the commissioner must  be guided by the language of that section.

You observe that section 111.025 provides no remedy for a violation  of  the  section.  Other  statutes with  similar eligibility  limitations  provide  that  board  members  who violate the  prohibitions are  subject to  removal and  that employees  who violate them are subject to dismissal.  See, e.g., V.T.C.S.  art.  8407a, § 29B(c); Attorney  General Opinion JM-719 (1987).  Section 111.0131 of  the  Human Resources Code authorizes the removal of a board member  who violates section  111.025, but  no  section requires  the dismissal of  an  employee who  violates section  111.025. Clearly, an  officer, employee,  or  paid consultant  of  an organization supplying rehabilitation  services  to  the commission in exchange for commission funds is not  eligible for employment  by the  board at  any salary  grade.  Their

spouses or cohabitants who are employed by the board need not necessarily be dismissed. However, the relationships between board employees and persons associated with organizations that supply rehabilitation services to the commission may, in certain circumstances, affect the independence of judgment of the employee and subject the employee to discipline under article 6252-9b. Whether a board employee who is the spouse or cohabitant of an officer, employee, or paid consultant of such an organization is subject to discipline under article 6252-9b is a question of fact that must first be determined at the agency level.

### S U M M A R Y

The commissioner of the Texas Rehabilitation Commission may make the factual determinations necessary to enforce section 111.025 of the Human Resources Code, but such determinations must be made pursuant to the standards provided in that section. The commissioner may not enforce a standard at variance with section 111.025. The commissioner may take action necessary to remedy a violation of section 111.025.

A board member who violates section 111.025 is subject to removal. Hum. Res. Code § 111.0131(a)(3). Officers, employees, or paid consultants of an organization that receives funds from the commission for the provision of rehabilitation services as defined in section 111.002(5) of the Human Resources Code are ineligible for appointment to or employment by the board of the Rehabilitation Commission. Spouses and cohabitants of such persons may not be members of the board or employees of the board at or above salary grade 17, according to the position classification schedule under the General Appropriations Act.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General